FILED
JUN 17 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BEATRICE G. CRUZ, | ) | CIV. 08-5050-RHB |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

Beatrice Cruz (Cruz) commenced this action seeking review of the Commissioner's determination that she is not disabled and denying her application for disability benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

Cruz was born May 27, 1953. Administrative Record (AR) 537. At the time of the evidentiary hearing before the administrative law judge (ALJ), she was 54 years old. A high school graduate, Cruz previously worked as a laundry worker and a housekeeper. AR 138, 140. During her tenure as a housekeeper in 2005, Cruz "slipped on ice and fell down some concrete exterior steps." AR 138. The slip and fall resulted in injuries to her wrist, elbow, ankle, and back. AR 138. Cruz

immediately sought treatment for her injuries and continued to be treated for back pain. AR 138-139.

On March 7, 2006, Cruz filed an application for disability benefits alleging a disability onset date of January 14, 2005, the date of her slip and fall. AR 14. Her application was denied initially and upon reconsideration. AR 14. Cruz then requested a hearing before an ALJ. This request was granted and a hearing was held on August 16, 2007. AR 14. Cruz was represented by counsel at the hearing. AR 14.

At the hearing, Cruz testified. AR 533. The ALJ also heard testimony from a mental health doctor and a vocational expert (VE). AR 534, 560. Based upon the testimony at the hearing and the evidence submitted, the ALJ determined that Cruz suffered from the impairments of "degenerative joint disease and degenerative disc disease of the lumbar spine, learning disorders and borderline intellectual functioning, depression and alcohol abuse." AR 20. These impairments, however, did not meet or equal a listed impairment. AR 20. The ALJ then determined that Cruz had the residual functional capacity (RFC) "to lift and carry 20 pounds occasionally and less than 10 pounds frequently, stand and/or walk for at least 6 hours in an 8-hour workday, sit for at least 6 hours in an 8-hour work day, is unlimited in push and/or pull activities . . . [and] is limited to work which is simple,

routine, and repetitive." AR 22. Determining then that she was nearing advanced age and had a high school education with no transferable skills, the ALJ found that there were jobs in the economy which Cruz could perform. AR 28. As a result, the ALJ denied Cruz's application for benefits. AR 29. Cruz seeks review of this determination alleging that the ALJ erred in his determination.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record

which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## DISCUSSION

Cruz first alleges that the ALJ erred when determining that her RFC included the ability to "lift and carry 20 pounds occasionally and less than 10 pounds

4

frequently...." AR 22. Cruz contends that this is in contradiction to the opinion of her treating physician and that the ALJ failed to properly discuss he's reasons for rejecting said physician's opinion.

In a letter to Cruz's attorney dated April 12, 2006, Dr. Lawlor, Cruz's treating physician, stated that a review of his records revealed that Cruz was released to "'her usual and customary duties' so long as her performance in therapy matched with the job description." AR 453. He then stated that he "left it up to the therapist to make this determination." AR 453. He further noted that "Cruz did do a torso lift of 15 pounds and [that he] would release her to this amount." AR 453. A further review of the record shows several prescriptions from Dr. Lawlor's office releasing Cruz to a maximum lift of 20 pounds. AR 464, 467. Other notes in the record indicate that Dr. Lawlor placed a restriction of 30 pounds on Cruz. AR 455-56.

The Court concludes that the ALJ did not reject Dr. Lawlor's opinion. Rather, the ALJ's determination of Cruz's RFC incorporates Dr. Lawlor's opinion. As a result, the Court finds that the ALJ did not err in how he considered the treating physician's opinion and this allegation fails.

Further review of the record also supports the ALJ's RFC determination. The record indicates that a functional capacity evaluation was performed by Black Hills Rehabilitation Hospital upon the request of Dr. Lawlor. AR 295. This evaluation

showed that the maximum weight for a back lift or a one-hand carry to be 20 pounds; a maximum weight of 25 pounds for carrying; and a maximum weight of 15 pounds for a shoulder lift or an overhead lift. AR 306. Furthermore, the summary of the evaluation states, "[t]he results indicate that Ms. Cruz is able to work at the LIGHT Physical Demand Level for an 8-hour day according to the Dictionary of Occupational Titles, U.S. Department of Labor, 1991. AR 295. The definition of "light work" in the Dictionary of Occupational Titles is "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Thus, the functional capacity evaluation performed at the behest of Cruz's treating physician supports the ALJ's determination of her RFC. Based upon the record, the Court finds that substantial evidence supports the ALJ's determination.

Cruz also alleges that her mental limitations prevent her from performing the jobs which were identified as available to her by the VE and the ALJ. After determining her RFC and that she was unable to perform her past relevant work, the ALJ noted that "the claimant's ability to perform all or substantially all of this level of work has been impeded by additional limitations." AR 28. The ALJ specifically found that Cruz's mental impairments limited her ability by requiring "only simple, routine, repetitive work." AR 27. This limitation was included in the

hypothetical presented to the VE by the ALJ. AR 562. Nothing in the record suggests the presence of greater limitations due to Cruz's mental impairments. As a result, the Court finds that the ALJ's determination that Cruz is not disabled is supported by substantial evidence in the record and is affirmed. Accordingly, it is hereby

ORDERED that the motion to reverse the Commissioner (Docket #1) is denied.

Dated this 15th day of June, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE